

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Mr. Cavness:

Opinion No. O-5808

Re: Liability of the State for
pay to an employee or a department
head after death of such
employee or department head.

You propound for an opinion the following statement:

"(1) Is an Educational Institution estopped by the Statutes or by the provisions of the Educational Appropriation Bill from paying salary to or for an employee after his death? There is now in practice a policy of paying a full month's salary in such cases where the employee has died during a month.

"(2) Would your answer to the above be the same where the payment had been made from the Institution's Local Funds rather than from State Appropriations?

"(3) Would your answer to the above questions apply to a department head in the same manner as to an employee?"

The liability of the State for payment of compensation to an employee is predicated upon the conception of mutual agreement of the parties -- the State and the employee -- for service to be performed by the employee and payment therefor to be made by the State. There can be no liability on the part of the State unless there has been performed the contemplated service by the employee. Compensation is an incident to the service and dependent upon it.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. H. Cavness - page 2

In the case of the head of a department, or any other official, the general rule of liability for compensation is not predicated upon an actual performance of the departmental or official duties, but compensation is an incident to the office, and may be paid and even enforced, when in truth the officer does not perform the official duties of his office.

This distinction with respect to employees and officers is of no importance, however, in the present inquiry. Under no conception of liability, whether to an employee or to the head of a department or other public officer, will the State be liable where the employee has not performed his services, or the head of the department or State official, as the case may be, has died. In the case of the employee the performance of his contractual duties ceases upon his death, and therefore there is no liability to his estate whatsoever, and in the case of the death of the head of a department, or other State officer, there is no further liability of the State to his estate or legal representative, because he has ceased to be an officer of the State, and the principle that compensation is an incident to the office has no application, for there is no official tenure or holding upon which to predicate liability.

This Department held in Opinion No. 0-2814 that an employee of the State whose employment was terminated by the order of the executive director having authority was not entitled to compensation beyond the date of his discharge as a vacation allowance, in which opinion we said:

"From the facts as set out in your letter, it is apparent that Mr. Harris (the employee) was not in the employment of the State between May 23, 1940, and June 3, 1940. For this reason, you are advised that Mr. Harris cannot be legally paid for the period between May 23 and June 3, 1940."

So, also, in Opinion No. 0-4504 we reaffirmed that holding in the following language:

"In your letter of inquiry of date March 30, 1942, you state that Mr. Hogg, an employee

of the Texas Liquor Control Board at the time of his death was entitled to the statutory vacation period, and inquire whether or not his estate may now be paid the salary which Mr. Hogg would have drawn during such vacation period but for his death.

"Your question must be answered in the negative. The statute contemplates that employees of the State may have the designated period of vacation upon full pay. This means, necessarily, that the status of the employee must have existed during the so-called vacation period. Where one dies, or otherwise ceases to be an employee of the State, his status as employee, of course, is at an end, and, therefore, the incidental right to a vacation upon full pay as an employee has ceased."

From what we have said it follows that your questions should be answered categorically as follows:

(1) The State's liability ceases upon the death of the employee.

(2) Our answer to (1) is not affected by the source of the public funds from which the employee was paid.

(3) Our answers to (1) and (2) would be the same as above given, where the deceased servant was the head of a department or other public official, as contradistinguished from an employee of the State.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-kR


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN